IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY CHARLES ZANDER,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MR. ZANDER'S [4] MOTION FOR ORDER TO SHOW CAUSE; [6] MOTION TO STRIKE; [8] MOTION FOR DISQUALIFICATION**<br><br>Case No. 2:15-CV-00625-DN<br><br>District Judge David Nuffer |

Pending for review is Petitioner Jeffrey Zander's Motion for Order to Show Cause,[1] Notification, Objection, and Motion to Partially Strike ("Motion to Strike"),[2] and Motion for Disqualification.[3]   For the reasons stated below, the Motions are DENIED.

## PROCEDURAL BACKGROUND

On March 5, 2013, after a jury trial, Mr. Zander was convicted of mail fraud, wire fraud, money laundering and willful failure to file federal tax returns.[4] On November 20, 2013, Mr. Zander was sentenced to sixty-eight months of imprisonment and ordered to pay $202,543.92 in restitution to the Paiute Indian Tribe of Utah, the main victim of his fraud.[5] On December 4, 2013, Mr. Zander filed his notice of appeal to the Tenth Circuit Court. Mr. Zander appealed his convictions, length of sentence and the amount of restitution.[6] During the appeal briefing period, Mr. Zander, in a separate case, filed a motion pursuant to 28 U.S.C. § 2255 to

---

[1] Docket no.4, filed December 15, 2015.

[2] Docket no. 6, filed December 15, 2015.

[3] Motion for Disqualification, docket no. 8, filed April 18, 2016.

[4] *USA v. Zander*, 2:10-cr-01088-DN, Jury Verdict, docket no. 141, filed March 5, 2013.

[5] *Id.,* Minute Entry, docket no. 203.

[6] *United States v. Zander*, 794 F.3d 1220 (10th Cir. 2015).

vacate, set aside, or correct the imposed sentence ("First § 2255 Motion").[7] Mr. Zander's First

§ 2255 Motion was denied as premature because such a motion should not be considered until

appellate review has been exhausted.[8] Mr. Zander also filed a motion to remove and disqualify

("First Motion to Disqualify") the United Sates Attorney Office ("USAO").[9] This motion was

also denied as premature.[10]

On July 24, 2015, the Tenth Circuit affirmed Mr. Zander's convictions, but reversed and

remanded his sentence and order of restitution for further consideration. On September 1, 2015,

Mr. Zander filed a second § 2255 Motion in the present case ("Second § 2255 Motion"). Two

months later, and before the Government had an opportunity to respond to Mr. Zander's § 2255

Motion, Mr. Zander filed a motion[11] to disqualify and remove ("Second Motion to Disqualify")

the USAO in this case. In response to the Second Motion to Disqualify, the Government stated

that the grounds in the Second Motion to Disqualify "are largely the same as the grounds in the"

First Motion to Disqualify.[12] According to the Government, because "Zander made essentially

the same arguments for recusal of the USAO in the earlier motion that he makes in the current

motion for recusal[,]" the Government incorporated its response to the First Motion to Disqualify

with its response to the Second Motion to Disqualify.[13] The Government attached its response to

the First Motion to Disqualify as Exhibit 1 of its response to the Second Motion to Disqualify.[14]

---

[7] *Zander v. USA*, 2:14-cv-0039-DN.

[8] *Id.*, Memorandum Decision and Order Denying Zaner's [1] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 20, filed June 24, 2014.

[9] *Id.*, Motion to Disqualify and Remove, docket no. 4, filed February 3, 2014.

[10] *Id.*, docket no. 18, filed June 5, 2014.

[11] Docket no. 2, filed November 16, 2015.

[12] United States' Objection to Defendant Jeffrey Charles Zander's Second Motion to Disqualify and Remove at 3, docket no. 3, filed December 1, 2015.

[13] *Id.*

[14] Exhibit 1, docket no. 3-1, filed December 1, 2015.

A month after filing his Second Motion to Disqualify the USAO, Mr. Zander filed his Motion for an Order to Show Cause. Mr. Zander submitted a Request to Submit for Decision on the Motion for an Order to Show Cause on January 14, 2016.[15]

## MOTION FOR ORDER TO SHOW CAUSE IS DENIED

In the present Motion for Order to Show Cause Mr. Zander argues that the two Government attorneys that filed the Government's response to Mr. Zander's Second Motion to Disqualify made false statements of material fact in the response and therefore should be held in criminal contempt pursuant to 18 U.S.C. § 401.[16]

The Supreme Court has held that "[w]hile a court has the authority to initiate a prosecution for criminal contempt, its exercise of that authority must be restrained by the principle that only the least possible power adequate to the end proposed should be used in contempt cases."[17] 18 U.S.C. § 401 defines and limits the court's power to impose punishment for contempt of its authority. The section reads:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as --
>
> 1. Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> 2. Misbehavior of any of its officers in their official transactions;
>
> 3. Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.[18]

Federal courts are in general agreement that "four elements are required to support a contempt conviction under § 401(1): (1) There must be conduct which constitutes 'misbehavior';

---

[15] Request to Submit for Decision, docket no. 7, filed January 14, 2016.

[16] Motion for Order to Show Cause at 4.

[17] *Young v. U.S. ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 801 (1987).

[18] 18 U.S.C. § 401.

(2) the misbehavior must amount to an 'obstruction of the administration of justice'; (3) the conduct must occur in the court's presence; (4) there must be some form of intent to obstruct."[19] A conviction under § 401 requires proof beyond a reasonable doubt.[20]

Mr. Zander contends that the Government's response to his Second Motion to Disqualify contains the following false statements of material fact. First, he argues that the Government's statement that "this testimony is related to his signature on a tribal document when he was hired whereby he agreed to abide by the Tribe's Ethics Ordinance" is false.[21] Mr. Zander points out that "[t]he trial transcript pages referenced in the Response ("TT, at 189-92") contain no evidence regarding the Petitioner's signature on any document or Petitioner's agreement to the tribe's Ethics Ordinance."[22] Instead, according to Mr. Zander, a different trial transcript page provides an explanation of the absence of his signature issue.[23]

Mr. Zander's second contention is that Exhibit 1 attached to Government's response to the Second Motion to Disqualify contains false statements. Mr. Zander states that his Second Motion to Disqualify

> specifically identifies and notices the Government of at least five false statements of material fact contained in Exhibit 1. [Motion, pp. 10-12] The Motion was filed on November 16, 2015. The Response makes it clear that Government counsel has read Petitioner's Motion. Nonetheless, the Response simply repeats, in Exhibit 1 as incorporated, the same false statements of material fact identified in Petitioner's Motion. Thus, the Government has now twice submitted the same false statements for this Court's consideration.[24]

---

[19] *See Vaughn v. City of Flint*, 752 F.2d 1160, 1167 (6th Cir. 1985) (quoting United States v. Seale, 461 F.2d 345, 366-67 (7th Cir. 1972)).

[20] Vaughn, 752 F.2d at 1168.

[21] Motion for Order to Show Cause at 2.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 3.

Based on the above, Mr. Zander requests that the Government attorneys be held in contempt "based on misbehavior and obstruction of the administration of justice."[25]

Mr. Zander's Motion for Order to Show Cause has no merit. Neither of the above two issues are false statements of *material* fact as argued by Mr. Zander. Nor have the alleged false statements obstructed the administration of justice. The proper procedure for making such arguments to a response brief is in a reply brief. If Mr. Zander believes that the Government has made a false or incorrect statement, he should address this issue in a reply brief.

### NOTIFICATION, OBJECTION, AND MOTION TO PARTIALLY STRIKE IS DENIED

Mr. Zander contends that Exhibit 1 of the Government's response to his Second Motion to Disqualify should be stricken because "it is a moot 'objection' from a previously closed case which was dismissed as premature . . . ."[26] He argues that "Exhibit 1 will only confuse the Petitioner and the Court as to which Response is the true Response from Respondent."[27] He also claims that "[t]he issues of Petitioner's [Second] Motion [to Disqualify] are not the same as in the dismissed case."[28]

As mentioned above, the Government stated in its response that Mr. Zander's Second Motion to Disqualify contained largely the same grounds as in its First Motion to Disqualify. For this reason, the Government incorporated its previous response to Mr. Zander's First Motion to Disqualify through Exhibit 1.

Exhibit 1 should not confuse the Petitioner as to "which Response is the true Response from Respondent." The Government's response to Mr. Zander's Second Motion to Disqualify is the "true Response." However, a review of the two responses reveals that most of Mr. Zander's

---

[25] *Id.*

[26] Motion to Strike at 2.

[27] *Id.*

[28] *Id.*

arguments for recusal of the USAO in the First Motion to Disqualify are also in Mr. Zander's

Second Motion to Disqualify. Exhibit 1 is a helpful supplement to the Government's response to

Mr. Zander's Second Motion to Disqualify and does not need to be stricken.

### MOTION FOR DISQUALIFCATION OF THIS COURT IS DENIED

Mr. Zander has filed his motion to disqualify me from this case pursuant to 28 U.S.C. §

455(a) because of an alleged appearance of partiality.

A judge is required to disqualify himself "in any proceeding in which his impartiality

might reasonably be questioned."[29] However, "[t]here is as much obligation for a judge not to

recuse when there is no occasion for him to do so as there is for him to do so when there is."[30]

The objective standard is "whether a reasonable person, knowing all the relevant facts, would

harbor doubts about the judge's impartiality."[31]

Mr. Zander contends that because no ruling on his § 2255 has yet been made this

demonstrates an appearance of bias.[32] Mr. Zander's § 2255 Motion has not yet been fully

briefed due to the other motions that have been pending since January 2016.  Mr. Zander offers

no evidence that this Court is biased or partial against him. He merely infers bias from delays in

rulings on pending motions. With a heavy docket of both civil and criminal cases, a three and a

half month delay in issuing rulings on the motion to disqualify the USAO and motion for an

order to show cause is insufficient to establish personal bias and prejudice. Mr. Zander is not

entitled to a new judge because rulings do not come in the time or form he might prefer.

---

[29] 28 U.S.C. § 455(a).

[30] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

[31] *U.S. v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993) (internal quotations and citations omitted).

[32] Motion for Disqualification at 3.

**ORDER**

IT IS HEREBY ORDERED THAT Mr. Zander's Motions[33] are DENIED. IT IS

FURTHER ORDERED that Mr. Zander may file his reply to the Second Motion to Disqualify

within fourteen (14) days of this Order.[34]

Dated May 5, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[33] Docket no.4, filed December 15, 2015; Docket no. 6, filed December 15, 2015; Motion for Disqualification, docket no. 8, filed April 18, 2016.

[34] Mr. Zander indicated in his Motion to Strike that he may want to file a reply to the Second Motion to Disqualify after a ruling is issued on the Motion to Strike. Motion to Strike at 2.