IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY CHARLES ZANDER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Case No. 2:15-cv-00625-DN<br><br>District Judge David Nuffer |

Petitioner Jeffrey Charles Zander seeks to vacate and correct his prison sentence under 28 U.S.C. § 2255.[1] Zander bases his motion on a number of grounds related to trial testimony by two of the government's witnesses[2] and to statements the government made in its closing argument.[3]

Because Zander failed to raise these issues on his direct appeal and because he has failed to show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, the motion is DENIED.

Procedural Background ........................................................................................................... 2
Discussion ................................................................................................................................ 4
　　A.　Zander's miscellaneous arguments are meritless. ................................................... 6
　　B.　Zander fails to show cause and prejudice for not raising these issues in his direct appeal. ........................................................................................................................ 7
　　　　1.　There was no cause for failing to raise these issues on direct appeal. ........ 8
　　　　2.　Even if Zander had cause for not raising the grounds in this motion in his direct appeal, he was not prejudiced by the alleged errors. ...................... 10
　　C.　Zander does not show that a fundamental miscarriage of justice will occur if his claim is not addressed. ..................................................................................... 11
Order ..................................................................................................................................... 11

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Motion), docket no. 1, filed September 15, 2015.

[2] *Id.* (*passim*).

[3] *Id.* (*passim*).

## PROCEDURAL BACKGROUND

A jury found Zander guilty on two counts of mail fraud, two counts of wire fraud, one count of money laundering, and three counts of willful failure to file federal tax returns.[4] Zander was sentenced to sixty-eight months of imprisonment and ordered to pay $202,543.92 in restitution to the Paiute Indian Tribe of Utah.[5]

On December 4, 2013, Zander appealed his conviction, sentence length, and restitution amount. The 10th Circuit affirmed his conviction,[6] but reversed in part because of errors in the loss calculation and the amount of restitution.[7] The case was remanded for resentencing.[8]

On January 21, 2014, Zander filed his First § 2255 Motion.[9] This motion was denied[10] because

> Zander's Motion is premature and should not be considered until resolution of his Appeal. Zander has failed to show that the issues raised in his Motion are completely distinct from the issues raised in his Appeal, and Zander's interpretation of alleged prosecutorial misconduct during his criminal trial does not create a substantial question about the integrity of the government's prosecution.[11]

While awaiting resentencing, Zander filed this second § 2255 Motion. Zander bases the Motion on eight grounds. Many of them seem to overlap. In ground one Zander argues that there was a "[d]enial of due process" because the United States failed to "correct the false testimony of

---

[4] Jury Verdict, 2:10-cr-01088-DN-1, docket no. 141, entered March 5, 2013.

[5] Judgment in a Criminal Case, 2:10-cr-01088-DN-1, docket no. 205, entered November 25, 2013.

[6] *U.S. v. Zander*, 794 F.3d 1220, 1234 (10th Cir. 2015).

[7] *Id.*

[8] *Id.*

[9] Motion to Vacate (First § 2255 Motion), docket no. 1, case no. 2:14-cv-00039-DN, filed January 21, 2014.

[10] Memorandum Decision and Order Denying Zander's [1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Order Denying First § 2255 Motion), docket no. 20, case no. 2:14-cv-00039-DN, entered June 24, 2014.

[11] *Id.* at 2.

Ms. Delores Furniss."[12] Zander argues that the United States "knew or should have known" Furniss's testimony was false, but instead of correcting it, the United States "capitaliz[ed] on that false testimony in its closing and rebuttal arguments."[13] In ground two Zander argues that there was a "[d]enial of due process" because the United States failed to "correct the false testimony of Ms. Gayle Rollo and capitaliz[ed] on that false testimony in rebuttal argument."[14] In ground three, Zander argues that "in violation of the confrontation clause of the sixth amendment, and in response to this court's order, the government falsely notified the defendant that there would be no rule 404(b) evidence presented in the government's case-in-chief."[15] Similarly, in ground four Zander argues that "[i]n violation of this court's order the government falsely notified the defendant that there would be no rule 404(b) evidence presented in the government's case-in-chief."[16] In ground five Zander argues that there was a "[d]enial of due process" because of the United States' "repeated accusations during closing argument that the defendant was guilty of the crime of embezzlement."[17] Similarly, in ground six Zander argues that there was "a violation of the laws of the United States" because the United States "repeatedly stated in its closing argument that [Zander] was guilty of the crime of embezzlement."[18] In grounds seven and eight Zander argues that there were violations of due process and the "laws of the United States" because of the "cumulative errors of" the foregoing grounds.[19]

---

[12] Motion at 3.
[13] *Id.*
[14] *Id.* at 5.
[15] *Id.* at 7.
[16] *Id.* at 9.
[17] *Id.* at 10.
[18] *Id.* at 11.
[19] *Id.* at 12.

3

While this second § 2255 Motion was pending, Zander filed a Motion for Release.[20] That motion was denied.[21] Zander appealed the denial of the Motion for Release.[22] In a per curiam decision, the Tenth Circuit affirmed[23] the denial and observed:

> [W]e agree with the district court that Mr. Zander has failed to demonstrate a clear case on the merits of his § 2255 motion. Mr. Zander admits that none of the claims he seeks to raise in his § 2255 motion were raised on direct appeal . . . . It therefore appears that Mr. Zander faces a procedural hurdle before the district court can even reach the merits of his claims.[24]

The United States responded in opposition to the Motion on the merits.[25] The United States later filed a supplemental response arguing that the Motion was procedurally barred.[26] Zander filed a motion to strike the United States' supplemental response.[27] Zander later filed a reply to the United States' supplemental response.[28] In the Reply to Supplemental Response Zander addresses the procedural defense.

## DISCUSSION

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."[29] For all motions brought

---

[20] Docket no. 13, filed June 17, 2016.

[21] Memorandum Decision and Order Denying Mr. Zander's [13] Motion for Release, docket no. 21, entered July 18, 2016.

[22] Notice of Appeal, docket no. 23, filed August 1, 2016 ("the Petitioner appeals the Memorandum Decision and Order [docket no. 13] denying the Peitioner's [sic] Motion to Release.").

[23] Order and Judgment, docket no. 31, filed December 20, 2016.

[24] *Id.* at 3–4.

[25] Response of United States to Petitioner's Motion to Vacate, Set Aside or Correct Sentence (§ 2255 Motion) (Response), docket no. 14, filed June 20, 2016.

[26] Supplemental Response of United States to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (Supplemental Response), docket no. 28, filed September 29, 2016. Because the court may sua sponte raise the procedural defense, the Supplemental Response does not prejudice Zander. Therefore, the supplemental response will not be stricken.

[27] Motion to Strike, docket no. 30, filed October 18, 2016.

[28] Reply to Supplemental Response, docket no. 32, filed December 27, 2016.

[29] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotations omitted).

pursuant to § 2255, "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief," a hearing must be granted and notice must be provided to the government.[30] Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.[31]

The Tenth Circuit has held that "[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."[32] There are two exceptions:

    1. if the petitioner "can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains";[33] or

    2. if the petitioner "can show that a fundamental miscarriage of justice will occur if his claim is not addressed."[34]

The respondent can raise this procedural defense, or the court can raise the defense sua sponte.[35] Either way, the petitioner must have "an opportunity to respond to the defense."[36]

The United States raised the procedural defense in its Supplemental Response.[37] Zander responded to the procedural defense in his Reply to Supplemental Response.[38]

---

[30] 28 U.S.C. § 2255(b).

[31] 28 U.S.C. § 2255(a).

[32] *U.S. v. Warner*, 23 F.3d 287, 291 (10th Cir. 2994).

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] Supplemental Response at 1–4.

[38] Reply to Supplemental Response at 1–16.

5

"The motion and the files and records of the case,"[39] "conclusively show"[40] that Zander is not entitled to relief. There will be no hearing.

   A. **Zander's miscellaneous arguments are meritless.**

Zander makes numerous miscellaneous arguments why the procedural default rule does not apply. Each is meritless.

First, Zander argues that the procedural default rule is limited to instances where "no contemporaneous objections [were] made" at trial.[41] The procedural default rule also applies to circumstances when the petitioner fails to raise arguments on direct appeal.[42] Therefore, this argument is meritless.

Second, Zander argues that the United States fails to "meet its burden of proof for assertion of the procedural default affirmative defense."[43] Zander string-cites numerous Tenth Circuit cases that allegedly support this argument.[44] None, however, imposes a burden on the United States to do anything other than raise the procedural default defense, and even then, many of the cases Zander cites emphasize that the district court may raise the defense sua sponte.[45] Therefore, this argument is meritless.

---

[39] 28 U.S.C. § 2255(b).

[40] *Id.*

[41] *Id.* at 3.

[42] 10 A.L.R. Fed. 724 §4(a) (collecting many cases).

[43] Reply to Supplemental Response at 4.

[44] *Id.*

[45] *U.S. v. Allen*, 16 F.3d 377 (10th Cir. 1994) (stating that the United States must raise the defense or the court may raise it sua sponte: "Here, the government did not initially raise procedural bar as a defense to allen's motion, and the district court did not raise it sua sponte."); *U.S. v. Parks*, 618 Fed. App'x. 365 (10th Cir. 2015) (same); *U.S. v. Jenkins*, 604 Fed. App'x. 744 (10th Cir. 2015) (same); *U.S. v. Miller*, 539 Fed. App'x. 874 (10th Cir. 2013) (same).

6

Third, Zander argues that he was procedurally barred from raising certain grounds in his direct appeal because his first § 2255 motion was pending before this court. This argument is treated below.[46]

Fourth, Zander argues that the Order Denying First § 2255 Motion, stating "Zander's motion is premature and should not be considered until resolution of his Appeal,"[47] indicated that he could not raise these issues on his direct appeal; i.e., that he would have to wait until after his direct appeal had been resolved before he could raise these issues in the first instance.[48] This mischaracterizes the Order Denying First § 2255 Motion. The Order Denying First § 2255 Motion only indicated that Zander could not bring a § 2255 motion before making a direct appeal.

And fifth, Zander argues that *Bousley v. United States* precludes the procedural default defense because the eight grounds raised in the Motion could not be presented without further factual development.[49] Zander then lists specific facts "which are dehors the record" for the Motion's first four grounds. This argument is treated below.[50]

### B. Zander fails to show cause and prejudice for not raising these issues in his direct appeal.

In his Reply to Supplemental Response, Zander discusses each ground for his motion and argues that there was both cause for failing to raise these grounds in his direct appeal and that he was actually prejudiced from the alleged errors.

---

[46] *See* B.1. *infra*.

[47] Order Denying First § 2255 Motion at 2.

[48] Reply to Supplemental Response at 5.

[49] Reply to Supplemental Response at 6–9.

[50] *See* B.1. *infra*.

### 1. There was no cause for failing to raise these issues on direct appeal.

Zander argues that he did not raise these arguments in his direct appeal for three reasons: first, there was an insufficient record on appeal;[51] second, there was an insufficient "factual and legal basis";[52] and third, he was procedurally barred from raising issues on direct appeal while resolution of those issues were still pending before district court in his First § 2255 motion.[53]

To show cause, the petitioner must demonstrate "some [objective] external impediment preventing counsel from constructing or raising the claim."[54] Examples of external impediments that satisfy this standard include "interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel."[55]

Zander fails to show cause for not raising all eight grounds in his direct appeal. He does not show that there was interference by officials that prevented him from making these claims in his direct appeal. He does not show that that the factual or legal bases for the claims were not reasonably available to his counsel. And he does not make any allegations of ineffective assistance of counsel.

- For his first and second grounds, Zander argues that there was nothing in the record showing that "the government knew or should have known of Ms. Furniss [sic] false testimony" or that "the government knew or should have known of the false testimony of Ms. Gayle Rollo."[56] Although it may be true that the United

---

[51] *Id.* at 11–12.

[52] *Id.* at 13.

[53] *Id.* at 14–15.

[54] *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

[55] 16A Fed. Proc., L. Ed. § 41:496 (collecting cases).

[56] Reply to Supplemental Response at 12.

- States' knowledge regarding the veracity of certain testimony is not in the record, the content of that testimony is in the record. Further, any subsequent reference to the testimony is in the record. Zander should have raised this issue on direct appeal.
- Similarly, for his third and fourth grounds, Zander argues that the "[f]acts demonstrating the government's intention to ambush Petitioner at trial with surprise evidence of false allegations of other crimes and bad acts are dehors the record."[57] Again, the United States' intentions may not be in the record, but any arguments made at trial are in the record. Zander also argues that he could not raise these arguments in his direct appeal because he had already raised them in his first § 2255 motion and he was therefore procedurally barred from including them in his direct appeal. This argument is without merit. Zander improperly filed the First § 2255 Motion before filing his direct appeal.[58] Zander will not now have the benefit of failing to follow proper post-conviction procedure. Zander should have raised this issue on direct appeal.
- For the same reasons as the first, second, third, and fourth grounds, Zander argues that the fifth, sixth, seventh, and eighth grounds could not be addressed in the direct appeal.[59] The arguments fail for the same reasons stated above.

---

[57] *Id.* at 13.

[58] *See* Order Denying First § 2255 Motion at 1–2.

[59] *Id.* at 14–15.

**2. Even if Zander had cause for not raising the grounds in this motion in his direct appeal, he was not prejudiced by the alleged errors.**

For the first ground, Zander argues that he was prejudiced by Furniss's alleged false testimony because it was "evidence of a crime not in the indictment" that only served to negatively color the jury's view of him.[60] For the second ground, Zander argues that he was prejudiced by Rollo's alleged false testimony because it "tainted" the jury "with the false impression that the 'final integrated resource management plan for the Koosharem Band,' . . . produced by the defendant, is a small and inadequate fraud."[61] For grounds three through eight, Zander argues that the prosecutor's comments prejudiced his defense because they prevented him from countering "the false allegations to the jury with[] full and fair cross-examination" and because they "infected the trial with prejudice and constitutional violations."[62]

For prejudice, the prisoner must show that the error "so infected the entire trial that the resulting conviction violates due process . . . . [Indeed the prisoner] must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[63]

Zander has not met his burden. As the United States correctly points out, Zander's Motion is inadequate.[64] The Motion is spare on detail. It makes limited use of the trial record. Zander fails to provide a memorandum in support of his motion. He fails to show how any of the

---

[60] *Id.* at 11.

[61] *Id.* at 12.

[62] *Id.* at 13–15.

[63] *U.S. v. Frady*, 456 U.S. 152, 169–70 (emphasis in original).

[64] Response at 6–7.

alleged errors were material. For the first and second grounds, he fails to show how the testimony was false.[65]

Therefore, Zander does not move any of the alleged errors beyond the mere "possibility of prejudice";[66] he fails to show "that they worked to his *actual* and substantial disadvantage."[67]

### C. Zander does not show that a fundamental miscarriage of justice will occur if his claim is not addressed.

If a petitioner is procedurally barred and fails to show cause and prejudice, he may overcome procedural default if he can show that the error "has probably resulted in the conviction of one who is actually innocent . . . . To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."[68] In other words, the petitioner must show that, notwithstanding the procedural bar, there will be a fundamental miscarriage of justice if the court does not consider the § 2255 motion.

Because Zander does not argue or demonstrate actual innocence, he does not overcome the procedural default.

## ORDER

IT IS HEREBY ORDERED that Mr. Zander's § 2255 Motion[69] is DENIED and DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that the following motions are now MOOT:

---

[65] Though Zander attempts to controvert Furniss's testimony by attaching three forms from the State of Utah stating Tax Refund Information, Appendix, docket no. 1-1, filed September 1, 2015, he does not include an accompanied affidavit. And there is no indication on the records that they are Zander's receipts of tax refund.

[66] *Frady*, 456 U.S. at 170.

[67] *Id.*

[68] *Bousley v. U.S.*, 523 U.S. 614, 623 (1998).

[69] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docket no. 1, filed September 15, 2015.

1. Petitioner's First Request for Discovery;[70]

2. Petitioner's First Motion for Expansion of the Record;[71]

3. Motion to Strike.[72]

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 11(a) of the Rules governing § 2255 Cases, Mr. Quinn is DENIED a certificate of appealability.

The Clerk is directed to CLOSE this case.

Signed April 20, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[70] Docket no. 16, filed June 24, 2016.
[71] Docket no. 19, filed July 14, 2016.
[72] Docket no. 30, filed October 18, 2016.